**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BRIAN AIELLO<br>15316 Jordans Journey Drive<br>Centreville, Virginia 20120<br><br>Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORP.<br>One Health Plaza<br>East Hanover, New Jersey 07936<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

**COMPLAINT FOR DISCRIMINATION**

COMES NOW Plaintiff Brian Aiello, by and through undersigned counsel, and states as follows:

1. Plaintiff brings this action pursuant to Title VII of the United States Civil Rights Act, the Age Discrimination in Employment Act, the District of Columbia Human Rights Act and the common laws of the District of Columbia for discrimination on the basis of age and gender, as well as wrongful termination in violation of public policy, breach of contract, breach of the implied covenant of good faith and fair dealing, and defamation.

**JURISDICTION AND VENUE**

2. Jurisdiction of this court is founded pursuant to 28 U.S.C. §§1331, 1337, 1343 and 1346. Plaintiff also invokes this Court's pendent jurisdiction to adjudicate state law claims.

3. Venue lies in this Court, pursuant to 28 U.S.C. §§1391 and 1402, since the employment practices alleged to be unlawful were committed by defendant and its agents within the District of Columbia and the United States District Court for the District of Columbia maintains

jurisdiction because defendant Novartis does business within the jurisdiction of this Court.

**PARTIES**

4. Plaintiff, Brian Aiello ("Aiello"), is a male citizen of the United States and a bona fide resident of the State of Virginia. At all material times alleged in this Complaint, Aiello was over 40 years old.

5. Defendant, Novartis Pharmaceuticals Corporation (“Novartis"), was and is now a corporation duly organized and existing under the laws of the State of Delaware, maintaining its corporate headquarters at One Health Plaza, East Hanover, New Jersey 07936 and operates a business unit at 701 Pennsylvania Avenue, N.W., Suite 725, Washington, D.C. 20004. Novartis is a world leader in offering medicines to protect health, cure disease and improve well-being. Novartis researches, develops and markets leading innovative prescription drugs used to treat a broad range of disease areas. Novartis was and now does business in the District of Columbia through its Sales Representatives and Managers, such as Aiello, who were assigned to service the Washington metropolitan area territory marketing and selling pharmaceutical drugs to medical physicians in the District of Columbia.

6. At all times material herein, Novartis was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment and under the direct control of Novartis.

**FACTS COMMON TO ALL COUNTS**

7. From December 1, 1986 to January 23, 2007, Aiello was employed by Novartis for the Washington, D.C. region. During the course of his employment, Aiello held the positions of Sales Representative, District Manager, Regional Account Manager, and Area Sales Manager. By

January 2007, Aiello had risen to the level of Area Sales Manager for the Washington, D.C., district. In that capacity, Aiello directed a team of sales representatives who were dedicated to meeting or exceeding sales objectives and enhanced the stature of Novartis Pharmaceuticals Corporation in the medical marketplace/community. Aiello's team served the Washington metropolitan area by marketing and selling pharmaceutical products to primary care physicians, gastroenterologists, dermatologist and cardiologists in Washington, D.C., Maryland and Virginia. Aiello was also responsible for developing and implementing creative sales strategies to promote and increase Novartis's product market share; training and mentoring new sales representative and advising them of successful sales and relationship building strategies; and coordinating educational programs for physicians in an effort to increase awareness of disease states and treatment options.

8. By all accounts, Aiello enjoyed consistently positive performance reviews by his prior supervisors. At no time during his employment tenure at Novartis had Aiello ever never been advised by any supervisor that his work performance did not meet the company's expectations. And, during his tenure of employment, Aiello was recognized for numerous achievements and awards for exemplary service.

9. On or about November 19, 2004, a group of then current and former female Novartis employees sued Novartis and its parent corporation, Novartis Corporation, alleging that Novartis had engaged in a pattern of gender discrimination in employment in the United States District Court for the Southern District of New York, Velez v. Novartis Corporation, et al., Case No. 04 CV 09194.

10. On or about June 3, 2005, a Second Amended Complaint was filed in the above action. By that amended complaint, Jamie Holland, a former subordinate of Aiello's, complained that Aiello had made "sexual jokes" in her presence during the course of her employment.

11. On or about July 25, 2005, Novartis filed an Answer to the Second Amended Complaint. In its Answer, Novartis categorically denied that Aiello had engaged in any unlawful conduct against Holland.

13. Indeed, Aiello vehemently denied engaging in any of the sexually or racially offensive conduct alleged by Ms. Holland in the Velez complaint.

14. Aiello never engaged in any unlawful conduct toward or relating to the civil rights of any Novartis employee during his professional tenure.

15. From June 2005 to January 2007, Aiello was never reprimanded, counseled or issued any warnings by Novartis relating to the conduct alleged by Ms. Holland in the Velez complaint.

16. On January 23, 2007, two years after Holland lodged her allegations against him, Aiello was terminated, without cause or justification, from his twenty-year employment with Novartis.

17. A female sales manager under the age of 40 was placed in Aiello's position.

18. Upon information and belief, since the filing of the Velez suit, Novartis has engaged in a pattern and practice of discrimination against its male employees over the age of 40.

19. On or about June 11, 2007, Aiello filed a complaint with the United States Equal Employment Opportunity Commission and the District of Columbia Office of Human Rights alleging age and gender discrimination in employment under Title VII and the Age Discrimination in Employment Act.

20. On November 2, 2007, the Equal Employment Opportunity Commission mailed to Aiello a letter authorizing his Right to Sue under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act.

**<u>FIRST CAUSE OF ACTION</u>**
**Violation of Title VII – Gender Discrimination**

21. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "20" as if originally pleaded herein.

22. Defendant, through its agents or supervisors, unlawfully discriminated against Aiello in his employment because of his sex without cause or justification in violation of Title VII, as amended.

23. As a direct and proximate result of the illegal employment discrimination by defendant, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

24. Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him, under Title VII, reinstatement to his prior position as Area Sales Manager;

(b) To award him, under Title VII, all the back pay, front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(c) To award him, under Title VII, compensatory damages in an amount to be determined at trial;

(d) To award him, under Title VII, punitive damages in the amount of five million dollars

($5,000,000.00);

(e) To award him reasonable attorney's fees and costs of this action; and

(f) To award him such other and further relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**Violation of the Age Discrimination in Employment Act**

25. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "24" as if originally pleaded herein.

26. Defendant, through its agents or supervisors, unlawfully discriminated against Aiello in his employment because of his sex without cause or justification in violation of the Age Discrimination in Employment Act.

27. As a direct and proximate result of the illegal employment discrimination by defendant, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

28. Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him, under the Age Discrimination in Employment Act, reinstatement to his prior position as Area Sales Manager;

(b) To award him, under the Age Discrimination in Employment Act, all the back pay, front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against

him;

(c) To award him, under Age Discrimination in Employment Act, compensatory damages in an amount to be determined at trial;

(d) To award him, under Age Discrimination in Employment Act, punitive damages in the amount of five million dollars ($5,000,000.00);

(e) To award him reasonable attorney's fees and costs of this action; and

(f) To award him such other and further relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**
**Violation of the District of Columbia Human Rights Act – Gender Discrimination**

29. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "28" as if originally pleaded herein.

30. Defendant, through its agents or supervisors, unlawfully discriminated against Aiello in his employment when it without cause or justification terminated his employment because of his sex, in violation of the District of Columbia Human Rights Act.

31. As a direct and proximate result of the illegal discriminatory conduct by defendant, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

32. Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his state protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him, under the District of Columbia Human Rights Act, reinstatement to his prior position as Area Sales Manager;

(b) To award him, under the District of Columbia Human Rights Act, all the back and front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(c) To award him, under the District of Columbia Human Rights Act, compensatory damages in an amount to be determined at trial;

(d) To award him, under the District of Columbia Human Rights Act, punitive damages in the amount of five million dollars ($5,000,000.00);

(e) To award him reasonable attorney's fees and costs of this action; and

(f) To award him such other and further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
## Violation of the District of Columbia Human Rights Act - Age Discrimination

33. Plaintiff hereby adopts and incorporates by reference as if fully set forth herein, each and every allegation contained in Paragraphs "1" through "32" hereinabove set forth.

34. By the actions set out above, defendant has denied plaintiff the rights and privileges secured by the District of Columbia Human Rights Act, because of his age.

35. As a direct and proximate result of the illegal employment action by defendant, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

36. Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his state protected rights. Defendant,

through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him, under the District of Columbia Human Rights Act, reinstatement to his prior position as Area Sales Manager;

(b) To award him, under the District of Columbia Human Rights Act, all the back and front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(c) To award him, under the District of Columbia Human Rights Act, compensatory damages in an amount to be determined at trial;

(d) To award him, the District of Columbia Human Rights Act, punitive damages in the amount of five million dollars ($5,000,000.00);

(e) To award him reasonable attorney's fees and costs of this action; and

(f) To award him such other and further relief as this Court deems just and proper.

**FIFTH CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**

37. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "36" as if originally pleaded herein.

38. Defendant, through its agents or supervisors, unlawfully terminated Aiello's employment because of his sex and age.

39. It is the public policy of the District of Columbia as expressed in the District of Columbia Human Rights Act, and in the common law, that individuals shall not be discriminated against in their employment on the basis of their sex or age.

40. As a direct and proximate result of defendant's termination of Aiello, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

41. Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his state protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him reinstatement to his prior position as Area Sales Manager;

(b) To award him all the back and front pay and fringe benefits he has lost as a result of defendant's wrongful termination;

(c) To award him compensatory damages in an amount to be determined at trial;

(d) To award him punitive damages in the amount of five million dollars ($5,000,000.00);

(e) To award him reasonable attorney's fees and costs of this action; and

(f) To award him such other and further relief as this Court deems just and proper.

**SIXTH CAUSE OF ACTION**
**Breach of Contract**

42. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "41" as if originally pleaded herein.

43. Aiello was employed by defendant under an oral contract of employment which was modified and re-enforced by certain policies, practices, assurances and other express and implied

statements of defendant. In said contract, it was implicitly agreed that Aiello would not be impeded in his job duties, and that he would be terminated only for cause. Aiello entered into said contract, *inter alia*, to secure peace of mind and financial stability, and refrained from seeking employment elsewhere in reliance thereon.

44. At all times relevant herein, Aiello performed his obligations under his contract with defendant. Defendant breached its express and implied contractual commitments to Aiello by terminating his employment without cause.

45. At the time the parties entered into the contract, as alleged above, it was known and understood, and within the reasonable contemplation of the parties, that in the event of a breach, Aiello would suffer present and future loss of earnings as a foreseeable and probable result thereof.

46. As a direct and proximate result of defendant's termination of Aiello, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him reinstatement to his prior position as Area Sales Manager;

(b) To award him all the back and front pay and fringe benefits he has lost as a result of defendant's wrongful termination;

(c) To award him compensatory damages in an amount to be determined at trial;

(d) To award him reasonable attorney's fees and costs of this action; and

(e) To award him such other and further relief as this Court deems just and proper.

**SEVENTH CAUSE OF ACTION**
**Breach of Implied Covenant of Good Faith and Fair Dealing**

47. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "46" as if originally pleaded herein.

48. Aiello was employed by defendant under an oral contract of employment upon his hire and during the term of his employment. The basic terms of the agreement provided that Aiello's employment would be secure as long as his performance was satisfactory, that Aiello would not be impeded in his job duties or career expectations, and that he would be terminated only for cause. Aiello entered into said contract, *inter alia*, to secure peace of mind and financial stability, and refrained from seeking employment elsewhere in reliance thereon.

49. At all times relevant herein, Aiello performed his obligations under his contract with defendant.

50. Defendant breached the covenant of good faith and fair dealing to Aiello by terminating his employment without cause.

51. At the time the parties entered into the contract, as alleged above, it was known and understood, and within the reasonable contemplation of the parties, that in the event of a breach, Aiello would suffer present and future loss of earnings as a foreseeable and probable result thereof.

52. As a direct and proximate result of defendant's termination of Aiello, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him reinstatement to his prior position as Area Sales Manager;

(b) To award him all the back and front pay and fringe benefits he has lost as a result of defendant's wrongful termination;

(c) To award him compensatory damages in an amount to be determined at trial;

(d) To award him reasonable attorney's fees and costs of this action; and

(e) To award him such other and further relief as this Court deems just and proper.

**EIGHTH CAUSE OF ACTION**
**Defamation**

53. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "52" as if originally pleaded herein.

54. Aiello is informed and believes, and based thereon alleges, that defendant, through its agents, supervisors or employees acting within the scope of their employment, caused to be published false and unprivileged communications tending to directly injure Aiello and his business and professional reputation. Specifically, defendant made untrue statements to other persons in Aiello's profession that Aiello had made sexually and racially offensive comments in the workplace.

55. Aiello is informed and believes, and based thereon alleges, that at the time defendant made these statements it knew or had reason to know that the statements were false.

56. Defendant committed the above acts deliberately and intentionally, in an effort to injure and defame Aiello's good name and professional reputation.

57. As a direct and proximate result of defendant's defamation, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings, injury to his personal and professional reputation and other employment benefits and job opportunities.

58. Aiello is informed and believes that the outrageous conduct of defendant described

above was done with malice and with conscious disregard for his state protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him compensatory damages in an amount to be determined at trial;

(b) To award him punitive damages in the amount of five million dollars ($5,000,000.00);

(c) To award him reasonable attorney's fees and costs of this action; and

(d) To award him such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff respectfully requests a jury trial on all issues.

Respectfully submitted,

/s/ Lisa Alexis Jones
Lisa Alexis Jones, Esq.
Lisa Alexis Jones, PLLC
Unified Bar Number 421002
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 434-4507
(202) 434-8707 (Fax)
orbitcv@erols.com

*Counsel for Plaintiff*

Dated: January 23, 2008

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**
BRIAN AIELLO

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Va.
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**DEFENDANTS**
NOVARTIS PHARMACEUTICALS CORPORATION

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ________
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
LISA ALEXIS JONES, ESQ.
1200 G Street, N.W., Suite 800
Washington, D.C. 20005

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- XX 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**☐ A. *Antitrust***

- ☐ 410 Antitrust

**☐ B. *Personal Injury/ Malpractice***

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. *Administrative Agency Review***

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil***

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255* | ☒ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII and the Age Discrimination in Employment Act.

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 **DEMAND $** $5,000,000.00 Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO If yes, please complete related case form.

**DATE** January 23, 2008 **SIGNATURE OF ATTORNEY OF RECORD**

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.