**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRIAN AIELLO ) <br> 15316 Jordans Journey Drive ) <br> Centreville, Virginia 20120 ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> NOVARTIS PHARMACEUTICALS CORP. ) <br> One Health Plaza ) <br> East Hanover, New Jersey 07936 ) <br> ) <br>     Defendant. ) | Civil Action No. 08 CV 00130 <br> (EGS) |

**FIRST AMENDED COMPLAINT FOR DISCRIMINATION**

COMES NOW Plaintiff Brian Aiello, by and through undersigned counsel, and states as follows:

1. Plaintiff brings this action pursuant to Title VII of the United States Civil Rights Act, the Age Discrimination in Employment Act, the District of Columbia Human Rights Act and the common laws of the District of Columbia for discrimination on the basis of age and gender, as well as wrongful termination in violation of public policy, breach of contract, breach of the implied covenant of good faith and fair dealing, and defamation.

**JURISDICTION AND VENUE**

2. Jurisdiction of this court is founded pursuant to 28 U.S.C. §§1331, 1337, 1343 and 1346. Plaintiff also invokes this Court's pendent jurisdiction to adjudicate state law claims.

3. Venue lies in this Court, pursuant to 28 U.S.C. §§1391 and 1402, since the employment practices alleged to be unlawful were committed by defendant and its agents within the District of Columbia and the United States District Court for the District of Columbia maintains

jurisdiction because defendant Novartis does business within the jurisdiction of this Court.

## PARTIES

4. Plaintiff, Brian Aiello ("Aiello"), is a male citizen of the United States and a bona fide resident of the State of Virginia. At all material times alleged in this Complaint, Aiello was over 40 years old.

5. Defendant, Novartis Pharmaceuticals Corporation ("Novartis"), was and is now a corporation duly organized and existing under the laws of the State of Delaware, maintaining its corporate headquarters at One Health Plaza, East Hanover, New Jersey 07936 and operates a business unit at 701 Pennsylvania Avenue, N.W., Suite 725, Washington, D.C. 20004. Novartis is a world leader in offering medicines to protect health, cure disease and improve well-being. Novartis researches, develops and markets leading innovative prescription drugs used to treat a broad range of disease areas. Novartis was and now does business in the District of Columbia through its Sales Representatives and Managers, such as Aiello, who were assigned to service the Washington metropolitan area territory marketing and selling pharmaceutical drugs to medical physicians in the District of Columbia.

6. At all times material herein, Novartis was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment and under the direct control of Novartis.

## FACTS COMMON TO ALL COUNTS

7. From December 1, 1986 to January 23, 2007, Aiello was employed by Novartis for the Washington, D.C. region. During the course of his employment, Aiello held the positions of Sales Representative, District Manager, Regional Account Manager, and Area Sales Manager. By

January 2007, Aiello had risen to the level of Area Sales Manager for the Washington, D.C., district. In that capacity, Aiello directed a team of sales representatives who were dedicated to meeting or exceeding sales objectives and enhanced the stature of Novartis Pharmaceuticals Corporation in the medical marketplace/community. Aiello's team served the Washington metropolitan area by marketing and selling pharmaceutical products to primary care physicians, gastroenterologists, dermatologist and cardiologists in Washington, D.C., Maryland and Virginia. Aiello was also responsible for developing and implementing creative sales strategies to promote and increase Novartis's product market share; training and mentoring new sales representative and advising them of successful sales and relationship building strategies; and coordinating educational programs for physicians in an effort to increase awareness of disease states and treatment options.

8.      By all accounts, Aiello enjoyed consistently positive performance reviews by his prior supervisors. At no time during his employment tenure at Novartis had Aiello ever never been advised by any supervisor that his work performance did not meet the company's expectations. And, during his tenure of employment, Aiello was recognized for numerous achievements and awards for exemplary service.

9.      On or about November 19, 2004, a group of then current and former female Novartis employees sued Novartis and its parent corporation, Novartis Corporation, alleging that Novartis had engaged in a pattern of gender discrimination in employment in the United States District Court for the Southern District of New York, Velez v. Novartis Corporation, et al., Case No. 04 CV 09194.

10.     On or about June 3, 2005, a Second Amended Complaint was filed in the above action. By that amended complaint, Jamie Holland, a former subordinate of Aiello's, complained that Aiello had made "sexual jokes" in her presence during the course of her employment.

11. On or about July 25, 2005, Novartis filed an Answer to the Second Amended Complaint. In its Answer, Novartis categorically denied that Aiello had engaged in any unlawful conduct against Holland.

13. Indeed, Aiello vehemently denied engaging in any of the sexually or racially offensive conduct alleged by Ms. Holland in the Velez complaint.

14. Aiello never engaged in any unlawful conduct toward or relating to the civil rights of any Novartis employee during his professional tenure.

15. From June 2005 to January 2007, Aiello was never reprimanded, counseled or issued any warnings by Novartis relating to the conduct alleged by Ms. Holland in the Velez complaint.

16. On January 23, 2007, two years after Holland lodged her allegations against him, Aiello was terminated, without cause or justification, from his twenty-year employment with Novartis.

17. A female sales manager under the age of 40 was placed in Aiello's position.

18. Upon information and belief, since the filing of the Velez suit, Novartis has engaged in a pattern and practice of discrimination against its male employees over the age of 40.

19. On or about June 11, 2007, Aiello filed a complaint with the United States Equal Employment Opportunity Commission and the District of Columbia Office of Human Rights alleging age and gender discrimination in employment under Title VII and the Age Discrimination in Employment Act.

20. On November 2, 2007, the Equal Employment Opportunity Commission mailed to Aiello a letter authorizing his Right to Sue under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act.

### FIRST CAUSE OF ACTION
**Violation of Title VII – Gender Discrimination**

21.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "20" as if originally pleaded herein.

22.     Defendant, through its agents or supervisors, unlawfully discriminated against Aiello in his employment because of his sex without cause or justification in violation of Title VII, as amended.

23.     As a direct and proximate result of the illegal employment discrimination by defendant, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress.  Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

24.     Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award him, under Title VII, reinstatement to his prior position as Area Sales Manager;

(b)     To award him, under Title VII, all the back pay, front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(c)     To award him, under Title VII, compensatory damages in an amount to be determined at trial;

(d)     To award him, under Title VII, punitive damages in the amount of five million dollars

($5,000,000.00);

    (e)    To award him reasonable attorney's fees and costs of this action; and

    (f)    To award him such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Violation of the Age Discrimination in Employment Act

25.    Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "24" as if originally pleaded herein.

26.    Defendant, through its agents or supervisors, unlawfully discriminated against Aiello in his employment because of his sex without cause or justification in violation of the Age Discrimination in Employment Act.

27.    As a direct and proximate result of the illegal employment discrimination by defendant, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

28.    Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

    (a)    To award him, under the Age Discrimination in Employment Act, reinstatement to his prior position as Area Sales Manager;

    (b)    To award him, under the Age Discrimination in Employment Act, all the back pay, front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against

him;

(c) To award him, under Age Discrimination in Employment Act, liquidated damages in an amount to be determined at trial;

(d) To award him reasonable attorney's fees and costs of this action; and

(e) To award him such other and further relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### Violation of the District of Columbia Human Rights Act – Gender Discrimination

29. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "28" as if originally pleaded herein.

30. Defendant, through its agents or supervisors, unlawfully discriminated against Aiello in his employment when it without cause or justification terminated his employment because of his sex, in violation of the District of Columbia Human Rights Act.

31. As a direct and proximate result of the illegal discriminatory conduct by defendant, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

32. Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his state protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him, under the District of Columbia Human Rights Act, reinstatement to his prior position as Area Sales Manager;

(b) To award him, under the District of Columbia Human Rights Act, all the back and front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(c) To award him, under the District of Columbia Human Rights Act, compensatory damages in an amount to be determined at trial;

(d) To award him, under the District of Columbia Human Rights Act, punitive damages in the amount of five million dollars ($5,000,000.00);

(e) To award him reasonable attorney's fees and costs of this action; and

(f) To award him such other and further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
**Violation of the District of Columbia Human Rights Act - Age Discrimination**

33. Plaintiff hereby adopts and incorporates by reference as if fully set forth herein, each and every allegation contained in Paragraphs "1" through "32" hereinabove set forth.

34. By the actions set out above, defendant has denied plaintiff the rights and privileges secured by the District of Columbia Human Rights Act, because of his age.

35. As a direct and proximate result of the illegal employment action by defendant, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

36. Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his state protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him, under the District of Columbia Human Rights Act, reinstatement to his prior position as Area Sales Manager;

(b) To award him, under the District of Columbia Human Rights Act, all the back and front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(c) To award him, under the District of Columbia Human Rights Act, compensatory damages in an amount to be determined at trial;

(d) To award him, the District of Columbia Human Rights Act, punitive damages in the amount of five million dollars ($5,000,000.00);

(e) To award him reasonable attorney's fees and costs of this action; and

(f) To award him such other and further relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

37. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "36" as if originally pleaded herein.

38. Defendant, through its agents or supervisors, unlawfully terminated Aiello's employment because of his sex and age.

39. It is the public policy of the District of Columbia as expressed in the District of Columbia Human Rights Act, and in the common law, that individuals shall not be discriminated against in their employment on the basis of their sex or age.

40. As a direct and proximate result of defendant's termination of Aiello, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and

emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

41. Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his state protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him reinstatement to his prior position as Area Sales Manager;

(b) To award him all the back and front pay and fringe benefits he has lost as a result of defendant's wrongful termination;

(c) To award him compensatory damages in an amount to be determined at trial;

(d) To award him punitive damages in the amount of five million dollars ($5,000,000.00);

(e) To award him reasonable attorney's fees and costs of this action; and

(f) To award him such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
**Breach of Contract**

42. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "41" as if originally pleaded herein.

43. Aiello was employed by defendant under an oral contract of employment which was modified and re-enforced by certain policies, practices, assurances and other express and implied statements of defendant. In said contract, it was implicitly agreed that Aiello would not be impeded in his job duties, and that he would be terminated only for cause. Aiello entered into said contract,

*inter alia*, to secure peace of mind and financial stability, and refrained from seeking employment elsewhere in reliance thereon.

44. At all times relevant herein, Aiello performed his obligations under his contract with defendant. Defendant breached its express and implied contractual commitments to Aiello by terminating his employment without cause.

45. At the time the parties entered into the contract, as alleged above, it was known and understood, and within the reasonable contemplation of the parties, that in the event of a breach, Aiello would suffer present and future loss of earnings as a foreseeable and probable result thereof.

46. As a direct and proximate result of defendant's termination of Aiello, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him reinstatement to his prior position as Area Sales Manager;

(b) To award him all the back and front pay and fringe benefits he has lost as a result of defendant's wrongful termination;

(c) To award him compensatory damages in an amount to be determined at trial;

(d) To award him reasonable attorney's fees and costs of this action; and

(e) To award him such other and further relief as this Court deems just and proper.

### SEVENTH CAUSE OF ACTION
**Breach of Implied Covenant of Good Faith and Fair Dealing**

47. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "46" as if originally pleaded herein.

48. Aiello was employed by defendant under an oral contract of employment upon his hire and during the term of his employment. The basic terms of the agreement provided that Aiello's employment would be secure as long as his performance was satisfactory, that Aiello would not be impeded in his job duties or career expectations, and that he would be terminated only for cause. Aiello entered into said contract, *inter alia*, to secure peace of mind and financial stability, and refrained from seeking employment elsewhere in reliance thereon.

49. At all times relevant herein, Aiello performed his obligations under his contract with defendant.

50. Defendant breached the covenant of good faith and fair dealing to Aiello by terminating his employment without cause.

51. At the time the parties entered into the contract, as alleged above, it was known and understood, and within the reasonable contemplation of the parties, that in the event of a breach, Aiello would suffer present and future loss of earnings as a foreseeable and probable result thereof.

52. As a direct and proximate result of defendant's termination of Aiello, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him reinstatement to his prior position as Area Sales Manager;

(b) To award him all the back and front pay and fringe benefits he has lost as a result of defendant's wrongful termination;

(c) To award him compensatory damages in an amount to be determined at trial;

(d)     To award him reasonable attorney's fees and costs of this action; and

(e)     To award him such other and further relief as this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
**Defamation**

53.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "52" as if originally pleaded herein.

54.     Aiello is informed and believes, and based thereon alleges, that defendant, through its agents, supervisors or employees acting within the scope of their employment, caused to be published false and unprivileged communications tending to directly injure Aiello and his business and professional reputation. Specifically, defendant made untrue statements to other persons in Aiello's profession that Aiello had made sexually and racially offensive comments in the workplace.

55.     Aiello is informed and believes, and based thereon alleges, that at the time defendant made these statements it knew or had reason to know that the statements were false.

56.     Defendant committed the above acts deliberately and intentionally, in an effort to injure and defame Aiello's good name and professional reputation.

57.     As a direct and proximate result of defendant's defamation, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings, injury to his personal and professional reputation and other employment benefits and job opportunities.

58.     Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his state protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award him compensatory damages in an amount to be determined at trial;

(b) To award him punitive damages in the amount of five million dollars ($5,000,000.00);

(c) To award him reasonable attorney's fees and costs of this action; and

(d) To award him such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues.

>Respectfully submitted,
>
>/s/ Lisa Alexis Jones
>Lisa Alexis Jones, Esq.
>Lisa Alexis Jones, PLLC
>Unified Bar Number 421002
>1200 G Street, N.W.
>Suite 800
>Washington, D.C. 20005
>(202) 434-4507
>(202) 434-8707 (Fax)
>orbitcv@erols.com
>
>*Counsel for Plaintiff*

Dated: January 23, 2008