IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN AIELLO<br>15316 Jordans Journey Drive<br>Centreville, Virginia 20120,<br><br>      Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORP.<br>One Health Plaza<br>East Hanover, New Jersey 07936,<br><br>      Defendant. | Civil Action No. 08 CV 00130 (EGS) |

## ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendant, Novartis Pharmaceuticals Corporation ("NPC"), by and through its attorneys, and for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

### ALLEGATION NO. 1:

Plaintiff brings this action pursuant to Title VII of the United States Civil Rights Act, the Age Discrimination in Employment Act, the District of Columbia Human Rights Act and the common laws of the District of Columbia for discrimination on the basis of age and gender, as well as wrongful termination in violation of public policy, breach of contract, breach of the implied covenant of good faith and fair dealing, and defamation.

### ANSWER:

NPC admits that Plaintiff purports to bring this action under the referenced laws and for the referenced claims. NPC denies any allegations of wrongful conduct and denies that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

### ALLEGATION NO. 2:

Jurisdiction of this court is founded pursuant to 28 U.S.C. §§1331, 1337, 1343 and 1346.

Plaintiff also invokes this Court's pendent jurisdiction to adjudicate state law claims.

**ANSWER:**

NPC admits that this Court has original jurisdiction over Plaintiff's Title VII and ADEA claims pursuant to 28 USC §§1331 and 1343, and supplemental jurisdiction over Plaintiff's DCHRA and common law claims pursuant to 28 USC §1367. NPC denies the remaining allegations contained in this paragraph.

**ALLEGATION NO. 3:**

Venue lies in this Court, pursuant to 28 U.S.C. §§1391 and 1402, since the employment practices alleged to be unlawful were committed by defendant and its agents within the District of Columbia and the United States District Court for the District of Columbia maintains jurisdiction because defendant Novartis does business within the jurisdiction of this Court.

**ANSWER:**

NPC admits that it does business and employed Plaintiff within the jurisdiction of this Court. NPC further admits that venue is proper pursuant to 28 USC §1391.

## PARTIES

**ALLEGATION NO. 4:**

Plaintiff, Brian Aiello ("Aiello"), is a male citizen of the United States and a bona fide resident of the State of Virginia. At all material times alleged in this Complaint, Aiello was over 40 years old.

**ANSWER:**

Upon information and belief, NPC admits the allegations contained in this paragraph.

**ALLEGATION NO. 5:**

Defendant, Novartis Pharmaceuticals Corporation ("Novartis"), was and is now a corporation duly organized and existing under the laws of the State of Delaware, maintaining its corporate headquarters at One Health Plaza, East Hanover, New Jersey 07936 and operates a business unit at 701 Pennsylvania Avenue, N.W., Suite 725, Washington, D.C. 20004. Novartis is a world leader in offering medicines to protect health, cure disease and improve well-being. Novartis researches, develops and markets leading innovative prescription drugs used to treat a broad range of disease areas. Novartis was and now does business in the District of Columbia through its Sales Representatives and Managers, such as Aiello, who were assigned to service the

Washington metropolitan area territory marketing and selling pharmaceutical drugs to medical physicians in the District of Columbia.

**ANSWER:**

NPC admits that it is incorporated in Delaware and that its headquarters are located at One Health Plaza in East Hanover, New Jersey. NPC admits that it researches, develops and markets innovative prescription drugs used to treat a broad range of disease areas, protect health, cure disease and improve well-being. NPC admits that it conducts business in the District of Columbia and that Plaintiff was at times assigned to work in the District of Columbia. NPC denies the remaining allegations contained in this paragraph.

**ALLEGATION NO. 6:**

At all times material herein, Novartis was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment and under the direct control of Novartis.

**ANSWER:**

NPC is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies them.

## FACTS COMMON TO ALL COUNTS

**ALLEGATION NO. 7:**

From December 1, 1986 to January 23, 2007, Aiello was employed by Novartis for the Washington, D.C. region. During the course of his employment, Aiello held the positions of Sales Representative, District Manager, Regional Account Manager, and Area Sales Manager. By January 2007, Aiello had risen to the level of Area Sales Manager for the Washington, D.C., district. In that capacity, Aiello directed a team of sales representatives who were dedicated to meeting or exceeding sales objectives and enhanced the stature of Novartis Pharmaceuticals Corporation in the medical marketplace/community. Aiello's team served the Washington metropolitan area by marketing and selling pharmaceutical products to primary care physicians, gastroenterologists, dermatologist and cardiologists in Washington, D.C., Maryland and Virginia. Aiello was also responsible for developing and implementing creative sales strategies to promote and increase Novartis's product market share; training and mentoring new sales representative and advising them of successful sales and relationship building strategies; and coordinating educational programs for physicians in an effort to increase awareness of disease states and treatment options.

**ANSWER:**

NPC admits that Plaintiff was employed by NPC and its predecessor from December 1, 1986 until January 23, 2007, and that during that time he held the positions of, *inter alia*, Sales Representative, Regional Account Manager and Area Sales Manager. NPC admits that in January 2007, Plaintiff was an Area Sales Manager for the area including the District of Columbia responsible for, *inter alia*, managing, mentoring and training a team of sales representatives, developing and implementing sales strategies, and coordinating educational programs for physicians. NPC further admits that the sales representatives who reported to Plaintiff were responsible for marketing and selling pharmaceutical products to various assigned health care providers. NPC denies the remaining allegations contained in this paragraph.

**ALLEGATION NO. 8:**

By all accounts, Aiello enjoyed consistently positive performance reviews by his prior supervisors. At no time during his employment tenure at Novartis had Aiello ever never been advised by any supervisor that his work performance did not meet the company's expectations. And, during his tenure of employment, Aiello was recognized for numerous achievements and awards for exemplary service.

**ANSWER:**

NPC states that Plaintiff's performance reviews speak for themselves, but NPC admits that Plaintiff was at times rated as meeting expectations. NPC denies the remaining allegations contained in this paragraph.

**ALLEGATION NO. 9:**

On or about November 19, 2004, a group of then current and former female Novartis employees sued Novartis and its parent corporation, Novartis Corporation, alleging that Novartis had engaged in a pattern of gender discrimination in employment in the United States District Court for the Southern District of New York, <u>Velez v. Novartis Corporation, et al.</u>, Case No. 04 CV 09194.

**ANSWER:**

NPC admits that on or about November 19, 2004, a group of current and former female

Novartis employees sued NPC and Novartis Corporation (a holding company that owns Novartis Finance Corporation which, in turn, owns NPC), alleging a pattern of gender discrimination, in a case styled *Velez v. Novartis Corporation, et al.*, Case No. 04 CV 09194, in the United States District Court for the Southern District of New York. NPC denies the remaining allegations contained in this paragraph.

**ALLEGATION NO. 10:**

On or about June 3, 2005, a Second Amended Complaint was filed in the above action. By that amended complaint, Jamie Holland, a former subordinate of Aiello's, complained that Aiello had made "sexual jokes" in her presence during the course of her employment.

**ANSWER:**

NPC admits that a Second Amended Complaint was filed on June 3, 2005, which included allegations that Plaintiff made "sexual jokes" in the presence of Jamie Holland, one of Plaintiff's former subordinates, during the course of her employment. NPC denies the remaining allegations contained in this paragraph.

**ALLEGATION NO. 11:**

On or about July 25, 2005, Novartis filed an Answer to the Second Amended Complaint. In its Answer, Novartis categorically denied that Aiello had engaged in any unlawful conduct against Holland.

**ANSWER:**

NPC admits that on July 25, 2005, it filed an Answer to the Second Amended Complaint, and that it denied that Plaintiff had engaged in any unlawful conduct against Holland. NPC denies the remaining allegations contained in this paragraph.

**ALLEGATION NO. 12:**    [sic]

**ALLEGATION NO. 13:**

Indeed, Aiello vehemently denied engaging in any of the sexually or racially offensive conduct alleged by Ms. Holland in the Velez complaint.

**ANSWER:**

NPC admits that Plaintiff denied engaging in some of the alleged conduct concerning Ms. Holland. NPC denies the remaining allegations contained in this paragraph.

**ALLEGATION NO. 14:**

Aiello never engaged in any unlawful conduct toward or relating to the civil rights of any Novartis employee during his professional tenure.

**ANSWER:**

NPC is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph.

**ALLEGATION NO. 15:**

From June 2005 to January 2007, Aiello was never reprimanded, counseled or issued any warnings by Novartis relating to the conduct alleged by Ms. Holland in the <u>Velez</u> complaint.

**ANSWER:**

NPC denies the allegations contained in this paragraph.

**ALLEGATION NO. 16:**

On January 23, 2007, two years after Holland lodged her allegations against him, Aiello was terminated, without cause or justification, from his twenty-year employment with Novartis.

**ANSWER:**

NPC admits that Plaintiff was terminated on January 23, 2007, but denies the remaining allegations contained in this paragraph.

**ALLEGATION NO. 17:**

A female sales manager under the age of 40 was placed in Aiello's position.

**ANSWER:**

NPC admits that a female employee under the age of 40 was placed in Plaintiff's position after his termination. NPC denies the remaining allegations contained in this paragraph.

**ALLEGATION NO. 18:**

Upon information and belief, since the filing of the <u>Velez</u> suit, Novartis has engaged in a pattern and practice of discrimination against its male employees over the age of 40.

**ANSWER:**

NPC denies the allegations contained in this paragraph.

**ALLEGATION NO. 19:**

On or about June 11, 2007, Aiello filed a complaint with the United States Equal Employment Opportunity Commission and the District of Columbia Office of Human Rights alleging age and gender discrimination in employment under Title VII and the Age Discrimination in Employment Act.

**ANSWER:**

NPC admits that on June 25, 2007, Plaintiff filed Charge No. 570-2007-01360 with the EEOC, which was cross-filed with the District of Columbia Office of Human Rights, alleging age and gender discrimination under Title VII and the ADEA. NPC denies the remaining allegations contained in this paragraph.

**ALLEGATION NO. 20:**

On November 2, 2007, the Equal Employment Opportunity Commission mailed to Aiello a letter authorizing his Right to Sue under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act.

**ANSWER:**

Upon information and belief, NPC admits the allegations contained in this paragraph.

**FIRST CAUSE OF ACTION**
**Violation of Title VII – Gender Discrimination**

**ALLEGATION NO. 21:**

Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "20" as if originally pleaded herein.

**ANSWER:**

NPC incorporates its answers to paragraphs 1-20 of Plaintiff's First Amended Complaint

- 7 -

as its answer to paragraph 21.

**ALLEGATION NO. 22:**

Defendant, through its agents or supervisors, unlawfully discriminated against Aiello in his employment because of his sex without cause or justification in violation of Title VII, as amended.

**ANSWER:**

NPC denies the allegations contained in this paragraph.

**ALLEGATION NO. 23:**

As a direct and proximate result of the illegal employment discrimination by defendant, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress.  Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

**ANSWER:**

NPC denies the allegations contained in this paragraph.

**ALLEGATION NO. 24:**

Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his federally protected rights.  Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

**ANSWER:**

NPC is without knowledge or information sufficient to form a belief as to what Plaintiff was informed or believes.  NPC denies the remaining allegations contained in this paragraph.

**SECOND CAUSE OF ACTION**
**Violation of the Age Discrimination in Employment Act**

**ALLEGATION NO. 25:**

Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "24" as if originally pleaded herein.

**ANSWER:**

NPC incorporates its answers to paragraphs 1-24 of Plaintiff's First Amended Complaint

as its answer to paragraph 25.

**ALLEGATION NO. 26:**

Defendant, through its agents or supervisors, unlawfully discriminated against Aiello in his employment because of his sex [sic] without cause or justification in violation of the Age Discrimination in Employment Act.

**ANSWER:**

NPC denies the allegations contained in this paragraph.

**ALLEGATION NO. 27:**

As a direct and proximate result of the illegal employment discrimination by defendant, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

**ANSWER:**

NPC denies the allegations contained in this paragraph.

**ALLEGATION NO. 28:**

Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

**ANSWER:**

NPC is without knowledge or information sufficient to form a belief as to what Plaintiff was informed or believes. NPC denies the remaining allegations contained in this paragraph.

## THIRD CAUSE OF ACTION
**Violation of the District of Columbia Human Rights Act – Gender Discrimination**

**ALLEGATION NO. 29:**

Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "28" as if originally pleaded herein.

**ANSWER:**

NPC incorporates its answers to paragraphs 1-28 of Plaintiff's First Amended Complaint

- 9 -

as its answer to paragraph 29.

**ALLEGATION NO. 30:**

Defendant, through its agents or supervisors, unlawfully discriminated against Aiello in his employment when it without cause or justification terminated his employment because of his sex, in violation of the District of Columbia Human Rights Act.

**ANSWER:**

NPC denies the allegations contained in this paragraph.

**ALLEGATION NO. 31:**

As a direct and proximate result of the illegal discriminatory conduct by defendant, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

**ANSWER:**

NPC denies the allegations contained in this paragraph.

**ALLEGATION NO. 32:**

Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his state protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

**ANSWER:**

NPC is without knowledge or information sufficient to form a belief as to what Plaintiff was informed or believes. NPC denies the remaining allegations contained in this paragraph.

## FOURTH CAUSE OF ACTION
**Violation of the District of Columbia Human Rights Act – Age Discrimination**

**ALLEGATION NO. 33:**

Plaintiff hereby adopts and incorporates by reference as if fully set forth herein, each and every allegation contained in Paragraphs "1" through "32" hereinabove set forth.

**ANSWER:**

NPC incorporates its answers to paragraphs 1-32 of Plaintiff's First Amended Complaint

as its answer to paragraph 33.

**ALLEGATION NO. 34:**

By the actions set out above, defendant has denied plaintiff the rights and privileges secured by the District of Columbia Human Rights Act, because of his age.

**ANSWER:**

NPC denies the allegations contained in this paragraph.

**ALLEGATION NO. 35:**

As a direct and proximate result of the illegal employment action by defendant, Aiello has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Aiello has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

**ANSWER:**

NPC denies the allegations contained in this paragraph.

**ALLEGATION NO. 36:**

Aiello is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his state protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

**ANSWER:**

NPC is without knowledge or information sufficient to form a belief as to what Plaintiff was informed or believes. NPC denies the remaining allegations contained in this paragraph.

**FIFTH CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**

NPC has simultaneously moved to dismiss Count V of Plaintiff's First Amended Complaint, and therefore no answer is required. To the extent that an answer is required, NPC denies the allegations contained in Count V.

## SIXTH CAUSE OF ACTION
### Breach of Contract

NPC has simultaneously moved to dismiss Count VI of Plaintiff's First Amended Complaint, and therefore no answer is required. To the extent that an answer is required, NPC denies the allegations contained in Count VI.

## SEVENTH CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair Dealing

NPC has simultaneously moved to dismiss Count VII of Plaintiff's First Amended Complaint, and therefore no answer is required. To the extent that an answer is required, NPC denies the allegations contained in Count VII.

## EIGHTH CAUSE OF ACTION
### Defamation

NPC has simultaneously moved to dismiss Count VIII of Plaintiff's First Amended Complaint, and therefore no answer is required. To the extent that an answer is required, NPC denies the allegations contained in Count VIII.

## AFFIRMATIVE DEFENSES

1. All actions taken with respect to Plaintiff were taken in good faith and for legitimate nondiscriminatory reasons.

2. Plaintiff's claims under Title VII, the ADEA and the DCHRA are barred to the extent they are not like or reasonably related to the allegations contained in his underlying discrimination charges.

3. Plaintiff's claims are time-barred to the extent they have been brought after the applicable statute of limitations.

4. Plaintiff's claims for monetary relief are barred to the extent he has failed to mitigate his damages.

5.      Plaintiff is not entitled to punitive damages because NPC made a good faith effort to enforce its non-discrimination policy.

6.      Plaintiff's claim for punitive damages under Title VII exceeds the statutory cap.

WHEREFORE, Plaintiff's First Amended Complaint should be dismissed with prejudice, with attorney's fees and costs awarded to NPC.

Respectfully submitted,

NOVARTIS PHARMACEUTICALS
CORPORATION

By: s/ David M. Hernandez
    David M. Hernandez
    D.C. Bar Number 473952
    Vedder Price P.C.
    875 15th Street N.W., Suite 725
    Washington, D.C. 20005
    Telephone: 212-312-3320
    Facsimile: 212-312-3322

Thomas M. Wilde
Sara J. Kagay
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
Telephone: (312) 609-7500
Facsimile: (312) 609-5005

Dated: June 2, 2008

- 14 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of June, 2008, a copy of the foregoing Answer and Affirmative Defenses to First Amended Complaint was electronically filed and served by depositing the same in the U.S. Mail, with first-class postage affixed, as follows:

>Lisa Alexis Jones
>Lisa Alexis Jones, PLLC
>1200 G Street, N.W.
>Suite 800
>Washington, D.C. 20005

>s/ David M. Hernandez
>An Attorney for Defendant