IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN AIELLO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08 CV 00130 (EGS) |
| | ) |
| NOVARTIS PHARMACEUTICALS CORP., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Plaintiff, Brian Aiello, by and through his undersigned counsel, and hereby respectfully submits his opposition to defendant's Motion to Dismiss certain claims alleged in Plaintiff's First Amended Complaint, pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, Mr. Aiello respectfully submits that defendant's motion must be denied.

Mr. Aiello initiated this action with the filing of his complaint in this Court on January 23, 2008. On May 6, 2008, Mr. Aiello filed his First Amended Complaint against defendant, his former employer, for acts of discrimination under Title VII of the United States Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act (the "ADEA"), the District of Columbia Human Rights Act, wrongful termination in violation of public policy, breach of contract, breach of the implied covenant of good faith and fair dealing, and defamation.

Defendant argues wrongly, however, that Mr. Aiello's claims for breach of contract should be dismissed. Defendant's contention on this score is baseless, and its specious motion must be summarily denied.

**FACTS**

By his first amended complaint, Mr. Aiello, who at the time of his termination was over 40 years old, alleges that he had been employed with defendant for over twenty years when he was unlawfully terminated from his employment as an area sales manager for the Washington, D.C. region. (Amended Complaint Paragraph 7). Prior to his termination, a group of former female employees sued defendant in the United States District Court for the Southern District of New York, alleging defendant had engaged in a pattern of gender discrimination against its female employees. (Amended Complaint Paragraph 9). One of those former female employees complained that Mr. Aiello had made "sexual jokes" in her presence during the course of her employment. (Amended Complaint Paragraph 10). Since that filing, both defendant and Mr. Aiello have denied his involvement in any improper or illegal conduct while employed with defendant. (Amended Complaint Paragraphs 11-15). Two years later, Mr. Aiello was terminated from his employment without cause or justification and replaced by a female sales manager under the age of 40.

**ARGUMENT**

**I.   Standard of Review**

It is universally accepted that a motion to dismiss for failure to state a claim upon which relief can be granted is a mere formal motion directed solely to the face of the complaint. See, Dann v. Studebaker-Packard Corp., 288 F.2d 201, 275 (6th Cir. 1961). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint need only provide a short and plain statement of the claim and the grounds on which it rests. See Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41 (1957). A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. Id.

Moreover, it is equally well-settled that in construing a motion to dismiss, the Court is mandated to construe the complaint in the light most favorable to plaintiff, and must accept as true all well pleaded factual allegations and all reasonable inferences therefrom. See, Pitney Bowes v. United States Postal Service, 27 F. Supp.2d 15, 19 (D.D.C. 1998).  Furthermore, it is settled law that a motion to dismiss must only be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Atchinson v. District of Columbia, 73 F.3d 418, 422 (D.C. Cir. 1996).

Judgment on the pleadings pursuant to Rule 12(b)(6) is particularly inappropriate in cases involving the civil rights of plaintiff where, as here, a full record is necessary in order to properly decide the issues involved, and the very nature of the claims presents factual issues that require judgment on the pleading to be denied. See, Askew v. Hargrave, 401 U.S. 476 (1971).  Because Mr. Aiello has set forth facts in his complaint which, if true, would entitle him to relief, defendant's motion to dismiss must be denied.

## II.     Mr. Aiello Has Properly Pled a Claim for Breach of Contract.[i]

Defendant complains that plaintiff has failed to state a claim for breach of contract. Specifically, defendant protests that plaintiff's claim must be dismissed because he has failed to allege the elements for a cause of action for breach of contract.  Defendant is wrong.

In support of its baseless contention, defendant fails to cite any precedent of  the District of Columbia that the elements of Mr. Aiello's claims for breach of contract must be pled with particularity.  Nor has defendant articulated any basis for why it has not been put sufficiently on notice of Mr. Aiello's claim for breach of contract and the basis for it.  Nor can it.  After all, as even defendant has pointed out, Mr. Aiello has alleged that he had an employment contract with

defendant which required that he would be terminated solely for cause. (Amended Complaint Paragraph 43). Mr. Aiello further alleged, and defendant concedes, that he "performed his obligations under his contract" and that defendant terminated his employment "without cause." (Amended Complaint Paragraph 44). Nor does defendant's reliance on <u>Virtual Dev. & Defense Int'l, Inc. v. Republic of Moldova</u> [133 F. Supp. 2d 9 (D.D.C. 2001)] remotely support its complaint. There, the District Court evaluated the merits of the plaintiff's breach of contract claim under a Rule 56 Motion for Summary Judgment. Simply put, Mr. Aiello has pled more than sufficient facts to support his claim for breach of contract, and defendant's protests to the contrary are utterly baseless.

## **CONCLUSION**

Because Mr. Aiello has stated a claim that clearly provides defendant with notice of his claim of breach of contract, defendant's motion to dismiss as to that claim must be denied.

>Respectfully submitted,
>
>\_\_\_\_\_/s/_____/
>Lisa Alexis Jones, Esq.
>Bar Number 421002
>1200 G Street, N.W.
>Suite 800
>Washington, D.C. 20005
>(202) 434-4507
>(202) 434-8707 Fax
>orbitcv@erols.com
>
>*Counsel for Plaintiff*

Dated: June 17, 2008

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June 2008, I caused to be mailed, by first class postage, or via ECF a copy of the foregoing Opposition, and Order to:

David M. Hernandez, Esq.
Vedder Price, P.C.
875 15th Street, N.W.
Suite 725
Washington, D.C. 20005

Thomas M. Wilde, Esq.
Sara J. Kagay, Esq.
Vedder Price, P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003

                                                /s/
                                      LISA ALEXIS JONES, ESQ.

---

[i] Plaintiff consents to the dismissal of his claims for wrongful termination in violation of public policy (Count 5), breach of implied covenant of good faith and fair dealing (Count 7) and defamation (Count 8).