IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN AIELLO, <br><br> Plaintiff, <br><br> v. <br><br> NOVARTIS PHARMACEUTICALS CORP., <br><br> Defendant. | Civil Action No. 08-CV-00130 (EGS) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COUNTS V, VI, VII AND VIII
OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

In response to Defendant's Motion to Dismiss, Plaintiff concedes that dismissal of Counts V (wrongful termination in violation of public policy), VII (breach of the implied covenant of good faith and fair dealing) and VIII (defamation) of his First Amended Complaint is appropriate. Indeed, Plaintiff argues only against dismissal of Count VI (breach of contract) and his argument, lacking legal support, falls short. Count VI fails to allege the elements of an oral contract and his claim for breach of contract therefore remains subject to dismissal.

To state a claim for breach of a contract, Plaintiff must demonstrate offer, acceptance, a meeting of the minds, definiteness of essential material terms, intent of the parties to be bound, and consideration. *Virtual Dev. & Defense Int'l, Inc. v. Republic of Moldova*, 133 F. Supp. 2d 9, 16-17 (D.D.C. 2001). Plaintiff's First Amended Complaint, however, fails to allege four of these required elements—offer, meeting of the minds, definiteness of essential terms or intention to be bound. Therefore, he fails to state a claim. *Patriot, Inc. v. United States HUD*, 963 F. Supp. 1, 6-7 (D.D.C. 1997) (Rule 12(b)(6) motion granted on implied contract claim for failure to demonstrate offer, acceptance or consideration).

As Plaintiff admits, his First Amended Complaint pleads merely that he had an oral employment contract that his employment could be terminated only with cause and that he performed his obligations under the contract. (Pl. Brief at 3-4). Although Plaintiff is not required to plead his claim with particularly, these bare allegations are simply insufficient to survive a motion to dismiss. *Braude & Margulies v. Fireman's fund ins. Co.*, 468 F. Supp. 2d 190, 198-99 (D.D.C. 2007) (breach of implied contract claim dismissed for failure to state necessary element of the claim). Lacking allegations of even the basic elements, Plaintiff's Count VI breach of contract claim must be dismissed.

WHEREFORE, Defendant Novartis Pharmaceuticals Corporation respectfully requests this Court to dismiss with prejudice Counts V, VI, VII and VIII of Plaintiff's First Amended Complaint, to award costs and attorneys' fees and for such other relief as the Court deems just and proper in the circumstances.

    Respectfully submitted,

    NOVARTIS PHARMACEUTICALS
    CORPORATION

    By: s/ Thomas M. Wilde
    Thomas M. Wilde
    Sara J. Kagay
    Vedder Price P.C.
    222 North LaSalle Street
    Suite 2600
    Chicago, IL 60601-1003
    Telephone: (312) 609-7500
    Facsimile: (312) 609-5005
    twilde@vedderprice.com
    skagay@vedderprice.com

David M. Hernandez
D.C. Bar Number 473952
Vedder Price P.C.
875 15th Street N.W., Suite 725
Washington, D.C. 20005
Telephone: 212-312-3320
Facsimile: 212-312-3322

Dated June 24, 2008

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of June, 2008, a copy of the foregoing Defendant's Reply Memorandum in Further Support of its Motion to Dismiss Counts V, VI, VII and VIII of Plaintiff's First Amended Complaint was electronically filed and served by depositing the same in the U.S. Mail, with first-class postage affixed, as follows:

> Lisa Alexis Jones
> Lisa Alexis Jones, PLLC
> 1200 G Street, N.W.
> Suite 800
> Washington, D.C. 20005

_s/ Thomas M. Wilde_
An Attorney for Defendant

CHICAGO/#1807263.1